UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY A. FRITZ, | Case No. 3:23-cv-00241-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITENBACH, *et al.*, | |
| Respondents. | |

I.   Introduction

In this habeas corpus action brought by Gregory A. Fritz, who is incarcerated at Nevada's Lovelock Correctional Center, and who is represented by appointed counsel, the respondents have filed a motion to dismiss, arguing that one of Fritz's claims is barred by the statute of limitations, that five of his claims are unexhausted in state court, and that one of his claims is not cognizable in this action. (ECF No. 44.) The Court grants the motion to dismiss in part and denies it in part, dismisses three of Fritz's claims as procedurally defaulted, and sets a schedule for the respondents to file their answer.

II.   Background

On July 30, 2013, following a nine-day trial, a jury in Clark County, Nevada, found Fritz guilty of several felonies for sexually abusing a young girl, A.K., over five to six years, when she was between nine or ten and fifteen years old. (ECF No. 38-31; *see also* ECF No. 38-24 at 12–59 (trial testimony of A.K.).) Fritz was convicted of eight counts of sexual assault with a minor under sixteen years of age (Counts 1 through 8) and two counts of lewdness with a child under

the age of fourteen (Counts 9 and 10). (ECF No. 38-37.) He was sentenced to an aggregate sentence of life in prison with parole possible after 50 years. (*Id.*)

1

Fritz appealed from the judgment of conviction. (*See* ECF No. 39-25 (Fritz's opening brief on appeal).) The Nevada Court of Appeals affirmed in an order filed on July 11, 2016. (ECF No. 39-28.)

On March 28, 2017, Fritz filed, in the state district court, a *pro se* post-conviction petition for a writ of habeas corpus. (ECF No. 39-34.) The Court appointed counsel, and with the benefit of counsel Fritz filed a supplemental habeas petition on May 19, 2021. (ECF No. 40-22.) The state district court denied the petition. (ECF No. 40-26.) Fritz appealed. (*See* ECF No. 40-35 (Fritz's opening brief).) The Nevada Court of Appeals affirmed in part, reversed in part, and remanded. (ECF No. 40-47.) The court concluded that Fritz's trial counsel was ineffective for not arguing that one of the counts of lewdness and one of the counts of sexual assault were redundant, and that an improper jury instruction exacerbated that error. (*Id.* at 4–7.) The court remanded the case to the district court for further proceedings. (*Id.*) On remand, the district court dismissed the redundant lewdness count (Count 9). (ECF No. 40-50 (amended judgment of conviction).) The amended judgment of conviction was filed on May 12, 2023. (ECF No. 40-50.) Fritz did not appeal from the amended judgment of conviction; the thirty days for him to do so ran out on June 11, 2023.

Fritz alleges that he mailed his *pro se* federal habeas petition to this Court for filing, to initiate this action, on July 7, 2023. (ECF No. 6 at 1.) The Court appointed counsel (ECF No. 8), and, with counsel, Fritz filed a first amended habeas petition on May 13, 2024 (ECF No. 19) and a second amended petition on June 18, 2024 (ECF No. 29). In his second amended petition—his operative petition—Fritz asserts the following claims of violations of his federal constitutional rights:

> Ground 1: "[T]he trial court admitted irrelevant, inadmissible, and inflammatory prior bad acts evidence."

2

Ground 2: "[The trial court provided an unwarranted flight instruction."

Ground 3: "Fritz was denied his right to … present a defense."

Ground 4: Fritz received ineffective assistance of trial counsel.

    A. "Trial counsel failed to ensure Fritz received an adequate hearing on his motion to dismiss counsel."

    B. "Trial counsel failed to present an adequate defense by complying with the notice requirements of *Miller v. State* [105 Nev. 497, 779 P.2d 87 (1989)]

    C. "Trial counsel failed to timely file a motion to cross-examine A.K. regarding her sexual experiences for the purpose of showing her base of knowledge."

    D. "Trial counsel failed to object to testimonial hearsay."

    E. "Trial counsel failed to request that the State redact Cheryl Zorc's guilty plea agreement to prevent the appearance of vouching by the State."

    F. "Trial counsel proceeded through trial with an actual conflict of interest that adversely affected his performance."

    G. "The cumulative effect of trial counsel's errors warrants relief."

Ground 5: Fritz received ineffective assistance of appellate counsel.

    A. "Appellate counsel failed to challenge the sufficiency of the evidence as it pertained to Count 3."

    B. "Appellate counsel failed to challenge the trial court's denial of Fritz's motion to dismiss counsel."

    C. "Appellate counsel failed to challenge the trial court's refusal to allow Fritz to fully cross-examine State witness S.R."

    D. "Appellate counsel failed to file a motion to cross-examine A.K."

    E. "Appellate counsel failed to allege a claim asserting the violation of Fritz's right to confront witnesses against him."

    F. "Appellate counsel failed to allege a claim asserting that the failure to redact Cheryl Zorc's plea agreement resulting in improper vouching of the state witness."

(ECF No. 29.)

    Respondents filed their motion to dismiss on January 24, 2025. (ECF No.

44.) Fritz filed an opposition to that motion, and Respondents filed a reply. (ECF Nos. 50, 53.)

III.   Statute of Limitations

In their motion to dismiss, Respondents asserted that Ground 5C of Fritz's second amended petition is barred by the statute of limitations. (ECF No. 44 at 7.) In Ground 5C, Fritz claims that his federal constitutional rights were violated on account of ineffective assistance of appellate counsel because counsel "failed to challenge the trial court's refusal to allow Fritz to fully cross-examine State witness S.R." ECF No. 29 at 44–45.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) includes a one-year statute of limitations for federal habeas petitions by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 244(d)(1). The limitations period begins to run from the latest of four possible triggering dates, the most common being the date on which the petitioner's conviction became final by either the conclusion of direct appellate review or the expiration of time for seeking such review. *Id.* In this case, the AEDPA limitations period began to run on June 12, 2023, following the expiration of the thirty-day period during which Fritz could have initiated a direct appeal from his amended judgment of conviction. *See* Nev. R. App. P. 4(b)(1)(A). Fritz does not argue that any tolling of the limitations period is warranted. (*See* ECF No. 50 at 5–9.) Therefore, the limitations period ran out a year later, on June 12, 2024, and Fritz's first amended petition, filed May 13, 2024, was timely, but his second amended petition, filed June 18, 2024, was filed after the limitations period ran out. This is undisputed. (*See* ECF No. 44 at 6–7; ECF No. 50 at 5–6.)

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rule of Civil Procedure 15(c), the petitioner may include an otherwise untimely claim in an amended habeas petition if it relates back to a claim in a

timely filed petition. A claim relates back if the claim in the amended petition "arose out of the conduct, transaction, or occurrence set out" in the earlier petition. Fed. R. Civ. P. 15(c)(1)(B). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court explained that Rule 15(c) permits relation back only when new claims "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (internal quotation marks omitted).

In their motion to dismiss, Respondents asserted that Ground 5C of Fritz's second amended petition is barred by the statute of limitations because it does not relate back to Fritz's timely first amended petition. (ECF No. 44 at 7.) Fritz responded by pointing out that the same claim was in fact asserted in Fritz's first amended petition (albeit under a misleading heading). (ECF No. 50 at 5–6; *see also* ECF No. 19 at 44–45.) Then, in their reply, Respondents concede that Ground 5C relates back to the first amended petition and is not barred by the statute of limitations. (ECF No. 53 at 2.) The Court therefore denies the motion to dismiss Ground 5C on statute of limitations grounds.

IV.   Exhaustion and Procedural Default

Next, Respondents assert that Grounds 1, 2, 4F, 4G, and 5C are unexhausted in state court. (ECF No. 44 at 7–12.)

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies for all claims raised. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents the claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim is unexhausted until the petitioner gives the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v.*

5

*Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as technically exhausted but subject to the procedural default doctrine. That is, "[a]n unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

The Supreme Court has stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez*, the Supreme Court ruled that ineffective assistance of

post-conviction counsel may serve as cause, to overcome the procedural default of a claim of ineffective assistance of trial counsel.

### A. Grounds 1 and 2

In Ground 1, Fritz claims that his federal constitutional rights were violated because the trial court admitted irrelevant, inadmissible, and inflammatory prior bad acts evidence. (ECF No. 29 at 8–10.) In Ground 2, Fritz claims that his federal constitutional rights were violated because the trial court provided an unwarranted flight instruction. (*Id.* at 10–12.) Respondents argue that, while Fritz asserted somewhat similar claims in state court on his direct appeal, he did not exhaust Grounds 1 and 2 because he did not in state court claim a violation of his federal constitutional rights. (ECF No. 44 at 9–10.)

The exhaustion requirement is a matter of comity designed to afford state courts the first opportunity to remedy a constitutional violation. *See Coleman*, 501 U.S. at 731; *Jackson v. Roe*, 425 F.3d 654, 657 (9th Cir. 2005). To satisfy the exhaustion requirement, the petitioner must have presented each claim to the highest available state appellate court with reference to a specific federal constitutional guarantee, as well as a statement of facts entitling the petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2002). "It is not enough that all the facts necessary to support the federal claim[s] were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1997.

With regard to the question of exhaustion of Ground 1, Fritz asserted on his direct appeal that the trial court abused its discretion under state law by admitting evidence of prior bad acts. (ECF No. 39-25 at 44–55.) Fritz cited NRS

7

§ 48.045(2), and Nevada cases applying that statute. (*See id.*) Fritz did not mention any federal constitutional violation, and he did not cite any federal authority. (*See id.*) Naturally then, in its ruling on the claim, the Nevada Court of Appeals did not address any federal constitutional aspect of the claim. (*See* ECF No. 39-28 at 2–4.) Fritz argues that "while he did not explicitly assert a due process violation, Fritz cited to various state cases that explain and reiterate that Nev. Rev. Stat. § 48.045(2) is based upon—and informed by—its counterpart in the Federal Rules of Evidence, which, in turn, is informed and delineated by the right to due process." (ECF No. 50 at 11.) Fritz points to his citation of *Braunstein v. State*, 118 Nev. 68, 40 P.3d 413 (Nev. 2001), and *Bigpond v. State*, 128 Nev. 108, 270 P.3d 1244 (Nev. 2012). But Fritz did not cite either of those cases for the proposition that his federal constitutional rights were violated, and neither case involved a federal constitutional challenge; both simply noted that section 48.045(2) was patterned after the first draft of what became Federal Rule of Civil Procedure 404(b). *See Braunstein*, 118 Nev. at 74, 40 P.3d at 418; *Bigpond*, 128 Nev. at 113–14, 270 P.3d at 1247–48. Fritz's citation of *Braunstein* and *Bigpond* did not alert the state court that he was asserting a federal constitutional claim. Fritz did not give the Nevada appellate court a fair opportunity to address any claimed federal constitutional violation. Ground 1 was not exhausted in state court on Fritz's direct appeal.

Turning to the question of exhaustion of Ground 2, on his direct appeal, Fritz asserted, under Nevada state law, that the flight instruction given to the jury was unwarranted by the evidence and was an abuse of discretion; Fritz made no mention of any alleged federal constitutional violation, and he did not cite any federal authority. (*See* ECF No. 39-25 at 55–58.) Fritz points out that he cited *Walker v. State*, 113 Nev. 853, 870–71, 944 P.2de 762, 773 (1997). Fritz's citation of *Walker* was as follows:

> It is well-settled that a district court may give a flight instruction when the record supports the conclusion that the Defendant fled with consciousness of guilt, and for the purpose of evading arrest. Walker v. State, 113 Nev. 853, 870-871, 944 P.2d 762, 773 (1997).

(ECF No. 39-25 at 56.) In *Walker*, at the pages cited by Fritz, the Nevada Supreme Court considered whether a flight instruction violated the defendant's "right to due process" by creating a mandatory presumption of guilt. *Walker*, 113 Nev. at 870, 944 P.2d at 773. However, "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). And, at any rate, Fritz did not cite *Walker* for the proposition that his federal constitutional rights were violated. (*See* ECF No. 39-25 at 56.) His citation to *Walker* did not alert the state court that he was asserting a federal constitutional claim. Fritz did not give the Nevada appellate court a fair opportunity to address any claimed federal constitutional violation arising from the giving of the flight instruction. Ground 2 was not exhausted in state court on Fritz's direct appeal.

Fritz acknowledges in his opposition to the motion to dismiss that any further habeas petition filed by Fritz in state court would be both untimely and successive, and therefore procedurally barred. (ECF No. 50 at 16–17.) Therefore, Grounds 1 and 2 are, in fact, technically exhausted but procedurally defaulted. *See Dickens*, 740 F.3d at 1317. Fritz does not make any argument that he can overcome the procedural default of Grounds 1 and 2. (*See* ECF No. 50 at 10–14.)

The Court will grant Respondents' motion to dismiss Grounds 1 and 2 on the ground that those claims are procedurally defaulted.

B.   Ground 4F

In Ground 4F, Fritz claims that his federal constitutional rights were violated on account of ineffective assistance of trial counsel because his trial counsel proceeded through trial with an actual conflict of interest that adversely affected his performance. (ECF No. 29 at 35–36.)

Respondents argue that Ground 4F is unexhausted in state court. (ECF No. 44 at 10.) The parties agree Fritz has not presented Ground 4F in state court. (*See* ECF No. 29 at 35; ECF No. 44 at 10.) Fritz concedes that if he were to return to state court to present Ground 4F the claim would be ruled barred under state-law procedural rules. (ECF No. 50 at 16–17.) Fritz takes the position, therefore, that Ground 4F is technically exhausted but subject to the procedural default doctrine. (*Id.* at 15–22.) Fritz goes on to argue that he can overcome the procedural default under *Martinez*. (*Id.*)

The Court determines that the anticipatory default doctrine applies to Ground 4F. The Court considers that claim to be technically exhausted but subject to procedural default analysis. The Court determines, however, that the question whether Fritz can overcome the procedural default of Ground 4F under *Martinez* is interwoven with the merits of the claim, such that the procedural default issues will be best addressed after the parties have fully briefed the merits of Fritz's claims. Therefore, the Court will deny Respondents' motion to dismiss Ground 4F without prejudice to Respondents asserting the exhaustion/procedural default defense to Ground 4F in their answer.

C. Ground 4G

In Ground 4G, Fritz claims that the cumulative effect of trial counsel's ineffective assistance warrants relief. (ECF No. 29 at 37.)

Respondents argue that the cumulative error claim in Ground 4G is unexhausted because it includes, as one of the claims to be considered cumulatively, Ground 4F, which Respondents argue is unexhausted and should be dismissed. (ECF No. 44 at 10.) Because the question whether Fritz

1 can overcome the procedural default of Ground 4F will be deferred until after
2 the merits briefing, the Court determines that the cumulative error issue raised
3 by Ground 4G should also be deferred. Therefore, the Court will deny
4 Respondents' motion to dismiss Ground 4G without prejudice to Respondents
5 asserting the exhaustion/procedural default defense to Ground 4G in their
6 answer.

D. Ground 5C

In Ground 5C, Fritz claims that his federal constitutional rights were violated on account of ineffective assistance of appellate counsel because his appellate counsel "failed to challenge the trial court's refusal to allow Fritz to fully cross-examine State witness S.R." (ECF No. 29 at 44–45.)

Fritz concedes in his opposition to the motion to dismiss that Ground 5C is unexhausted in state court. (ECF No. 50 at 10 n.2.) And Fritz acknowledges that any further habeas petition in state court would be both untimely and successive, and therefore procedurally barred. (ECF No. 50 at 16–17.) Therefore, Ground 5C is technically exhausted but procedurally defaulted. *See Dickens*, 740 F.3d at 1317. Fritz does not make any argument that he can overcome the procedural default of Ground 5C. (*See* ECF No. 50.)

The Court will grant Respondents' motion to dismiss Ground 5C on the ground that it is procedurally defaulted.

V. Cognizability of Ground 4G

Ground 4G is Fritz's claim that the cumulative effect of trial counsel's ineffective assistance warrants relief. (ECF No. 29 at 37.) The respondents argue in their motion to dismiss that Ground 4G is not cognizable in this federal habeas action. (*See* ECF No. 44 at 12–13.) This issue will be better addressed after the parties fully brief the merits of Fritz's claims, such that the Court can determine what attorney error there is, if any, to be considered cumulatively. The Court will therefore deny the motion to dismiss Ground 4G

11

without prejudice to the respondents asserting in their answer, along with their analysis of the merits of Fritz's claims, their argument that Ground 4G is not cognizable in this action.

VI. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 44) is granted in part and denied in part. Grounds 1, 2, and 5C, of Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 29) are dismissed. In all other respects the Motion to Dismiss is denied.

It is further ordered that Respondents will have 90 days from the date of entry of this order to file an answer to Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 29). In all other respects, the schedule for further proceedings set forth in the order entered August 21, 2023 (ECF No. 12) remains in effect.

DATED THIS 12th day of September 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE